IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>AU TECHNOLOGIES, INC.,<br><br>Defendant. | No. C 11-02958 CRB<br><br>**ORDER RE DEFAULT JUDGMENT** |

Before the Court is a Motion for Default Judgment (dkt. 21) brought by Plaintiffs, a group of employee benefit trust funds and their trustees. Defendant AU Technologies, Inc. ("Defendant") employed members of District Council 16 of the International Union of Painters and Allied Trades ("the Union"), but failed to submit reports or make contributions to the trust funds as required under the collective bargaining agreement ("the Agreement"). Defendant has not appeared or otherwise defended this action. The record is insufficient to determine the amount of money damages that Plaintiffs are entitled to. Thus, Plaintiffs' Motion for Default Judgment is GRANTED IN PART, limited at this time to ordering that Defendant comply with an audit.

## I. BACKGROUND

Plaintiffs filed this suit on June 16, 2011. Compl. (dkt. 1). Defendant was served with the summons on July 14, 2011. Proof of Service (dkt. 9) at 1. Defendant has failed to

plead or otherwise appear in this matter, and the Clerk entered Defendant's default on August 15, 2011. Clerk's Notice (dkt. 12). Plaintiff now moves for default judgment.

Plaintiffs are trust funds constituting employee benefit plans under the Employee Retirement Income Security Act of 1974 ("ERISA") and their joint board of trustees. Compl. ¶ 1. The funds are administered in Alameda, California for the benefit of the members of the Union. Id. ¶ 9. Defendant is a Michigan corporation that entered into the Agreement with the Union. Id. ¶ 12.

The Agreement requires Defendant to submit monthly reports of the hours worked by Union members and make contributions to the trust funds based on those hours. Id. ¶ 14. The Agreement also imposes liquidated damages of twenty percent of delinquent contributions that are the subject of litigation, along with interest and attorneys' fees. Id.; Master Agreement (dkt. 22 Ex. B) at 21.

Defendant employed Union members to work on a project at the NUMMI Auto Manufacturing Plant. March 23 Letter (dkt. 22, Ex. E). However, Defendant failed to submit reports for May 2010, June 2010, August 2010, January 2011, and February 2011. Compl. ¶ 18. On April 4, 2011, Defendant acknowledged that it owed contributions for 363 hours of union labor performed in June 2010, the last month in which Defendant employed Union members for the NUMMI project. April 4 Letter (dkt. 22 Ex. F).

In the prayer for relief, Plaintiffs seek damages in the amount of unpaid contributions, liquidated damages, interest, and attorneys' fees as determined by an audit. Compl. at 6-7. Plaintiffs also request an injunction prohibiting Defendant from violating the Agreement and suspending Defendant's operations until it complies. Id. at 7.

## II. LEGAL STANDARD

Default judgment may be entered pursuant to Federal Rule of Civil Procedure 55 when the defendant has "failed to plead or otherwise defend." Entry of a default judgment is discretionary. See Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986). "[The] Court may find entry of a default judgment appropriate in consideration of, *inter alia*: (1) the sufficiency of the complaint and the merits of plaintiff's substantive claims; (2) the

possibility of prejudice if entry is denied; (3) the sum of money at stake; (4) the possibility of a dispute concerning material facts; (5) whether default was due to excusable neglect; and (6) the strong policy favoring decisions on the merits." Shanghai Automation Instrument Co. v. Kuei, 194 F. Supp. 2d 995, 999 (N.D. Cal. 2001); see also Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

**III. DISCUSSION**

Plaintiffs request default judgment consisting of both equitable and monetary relief. Compl. at 7.

**A. Audit**

Plaintiffs allege that Defendant failed to report the hours worked by Union employees during the months of May through August 2010, and January and February 2011. Compl. ¶ 18. Accordingly, Plaintiffs seek an order from the Court directing Defendant to comply with an audit that would determine whether additional amounts are owed. Id. at 7. Here, an audit would help determine the amount of damages that are warranted. The April 4, 2011, letter from Mary Rush on behalf of Defendant confirmed that Defendant employed Union members in June 2010 and that the project ended that month. See April 4 Letter. However, Defendant has not reported any hours worked in May 2010, before the project finished. Thus, Defendant is ordered to submit to an audit to determine whether Defendant owes additional contributions attributable to hours worked in May, June, July, and August 2010, and January and February 2011.

**B. Damages**

Plaintiffs seek damages in the amount of "unpaid contributions for hours worked," liquidated damages, interest, any additional contributions, and reasonable attorneys' fees. Compl. at 6-7. ERISA and the Agreement provide for the recovery of the unpaid contributions, interest on the unpaid contributions, liquidated damages provided in the plan up to 20 percent of the unpaid contributions, and reasonable attorneys' fees. 29 U.S.C. § 1132(g)(2); Agreement at 21. Although Plaintiffs have made a showing that they are entitled to damages, the Court does not have enough information to determine the appropriate amount

3

of money damages. The April 4 Letter acknowledges that Defendant owes contributions for 363 hours worked in June 2010, but Plaintiffs do not provide information sufficient to calculate Defendant's unpaid contributions to each individual trust fund based on 363 hours.[1] Furthermore, it is unknown how many hours Union members worked for Defendant in May 2010. Therefore, there is not enough information to award money damages at this time.

Because the Court orders Defendant to comply with an audit, Plaintiffs will be permitted to submit proof of the actual amounts of unpaid contributions to each trust fund after the audit is completed. At that time, the Court will enter an amended default judgment that awards the corresponding amount in money damages, including liquidated damages and interest. Plaintiffs' counsel can also submit an amended declaration documenting all fees incurred in the litigation.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART Plaintiffs' Motion for Default Judgment, limited to ordering Defendant to comply with an audit to determine the exact amount of unpaid contributions attributable to May, June, July, and August 2010, and January and February 2011 within 90 days. After completion of the audit, the Court will entertain further motions for damages and attorneys' fees.

**IT IS SO ORDERED.**

Dated: April 13, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[1] At the hearing, Plaintiffs' counsel estimated the unpaid contributions attributable to June 2010 in the neighborhood of $30,000 to $40,000, but no specific amount has been presented to the Court.